IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**GEORGE SEPULVEDA,**    :    **CIVIL NO. 1:14-CV-0135**
:
Petitioner    :    **(Judge Rambo)**
:
v.    :
:    **(Magistrate Judge Carlson)**
**WARDEN DAVID EBBERT,**    :
:
Respondent    :

# M E M O R A N D U M

Before the court is a report and recommendation of the magistrate judge (Doc. 20) in which he recommends that Petitioner's motion filed pursuant to 28 U.S.C. § 2241 be dismissed for failure to state a claim. Petitioner, George Sepulveda, has filed objections to the report and recommendation to which Respondent has filed a response.[1] The matter is ripe for disposition.

---

[1] On May 22, 2015, Sepulveda requested an extension of time to supplement his objections to the report and recommendation. On May 26, 2015, he filed supplemental objections to the report and recommendation (Doc. 23). On July 1, 2015, he filed another motion to supplement the record. The report and recommendation was filed on April 28, 2015. Sepulveda had 14 days from receipt of the report and recommendation to file objections. His first request for an extension of time was because he was in the SHU until May 18, 2015. On May 26, 2015, he filed an 11 page document stating his objections to the report and recommendation which included exhibits. The motion to file a supplement to the record (Doc. 25), that was filed on July 1, 2015, could be considered as a reply brief to the government's response to Sepulveda's objections to the report and recommendation. However, the supplement does not present a reply to the government's response. It is therefore deemed stricken.

**I.      Background**

Sepulveda is a federal inmate confined to the United States Penitentiary at Canaan in Waymart, Pennsylvania.² On December 29, 2011, Sepulveda was charged in an incident report with engaging in criminal abuse of the inmate's mail system in an attempt to extort money from government officials on or about October 27, 2011. After an investigation which concluded on December 21, 2011, it was determined that

> Sepulveda engaged in criminal abuse of the inmate mail system in an attempt to extort money from government officials. See Attachment C; Incident Report #2250280 and supporting documents. Specifically, on October 2, 2011, an outgoing package was mailed by inmate Sepulveda to a third party, . . . Id. It was determined that this package contained fraudulent documents which purported to place on notice certain governmental officials to a private commercial matter between the named officials and inmate Sepulveda. Id. These documents asserted that the failure to settle this claim would result in their consent to the monetary demands and/or the filing of a personal lien against the named governmental officials. Id. The documents specifically listed the amount or portion each individual was responsible for as well as the total aggregate amount of the alleged fraudulent debt. Id. The documents sent by inmate Sepulveda making his demand gave the named officials ten days to deliver on the requested payment.

(Doc. 14-3, Declaration of Michael Figgsganter, at ¶ 3.) These government officials included a United States district judge, an assistant United States attorney, a court clerk and deputy clerks. The amount of the alleged fraudulent debt was $7,348,100.00.

---

²Sepulveda is serving multiple life sentences related to convictions for racketeering, murder, witness intimidation, and felon in possession of firearms.

Sepulveda was charged in the incident report with violations of Prohibited Act 196 with a high severity level of 204. Prohibited Act 196 states, "Use of the mail for an illegal purpose or further a Greatest category prohibited act." Section 204 – High Severity level prohibited act states: "Extortion, blackmail, . . . etc." (United States Department of Justice, FBOP, Program Statement No. 5270.09, August 1, 2011.) On January 5, 2012, a disciplinary hearing was held and Sepulveda was found guilty of the aforesaid violations.

In his § 2241 petition, Sepulveda claims various violations of his due process rights at the disciplinary hearing. Those claims are (1) the Disciplinary Hearing Officer ("DHO") failed to meet the evidentiary standard required to find that Sepulveda committed the charged prohibited act; (2) Sepulveda was not afforded all required due process protections throughout the disciplinary process; and (3) the sanctions imposed were excessive.

**II.**     **Discussion**

    **A.**     **Substantive Evidentiary Standard**

The magistrate judge in his report thoroughly discussed the fact that a DHO finding must meet the standard that "some evidence" that could support the conclusion reached by the disciplinary board. *Superintendent v. Hess*, 472 U.S. 445, 457 (1985). In his objections to the report and recommendation, Sepulveda claims that what he did was not a violation of the prohibited act; that he was exercising his right to free speech, and that he did not know what he did was unlawful. As the magistrate judge noted, "Sepulveda's claims that he lacked any malicious intent

strains credulity." (Doc. 20 at p. 19.) This court concurs in this conclusion for the reasons set forth by the magistrate judge.

### B. Procedural Due Process Claims

The magistrate judge opined that Sepulveda's disciplinary hearing met with all the procedural due process requirements established by *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974), i.e. he was given (1) advance written notice of the charges; (2) an opportunity to call witnesses and present documentary evidence; and (3) a written statement by the DHO of the evidence relied upon and the reasons for the disciplinary action. Sepulveda claims that he was not timely provided with a copy of the DHO's report nor was he given notice of the charges less than 24 hours before the hearing.

The disciplinary hearing was held on January 5, 2012. A report of that hearing was supplied to Sepulveda on February 7, 2012 and March 20, 2012. Respondent pointed out that even assuming the DHO report was not timely given, Sepulveda does not show what prejudice he suffered by any untimeliness. (Doc. 14 at pp. 10-11.) Respondent further notes that, as to the alleged untimeliness of the 24 hour notice of an incident report being filed, that failure to make such notice is not a violation of a due process requirement, and cites to *Scott v. Martinez*, 1:CV-08-0531, slip op. at 6. Again, Sepulveda has not shown any prejudice to him if such a violation occurred.

### C. Sanctions

The sanctions imposed were within the range of sanctions for the violations that occurred pursuant to 28 C.F.R. § 541.3. Sepulveda has no claim of a violation of this regulation.

**III.        Conclusion**

    For the foregoing reasons, the court finds the petition has no merit.  The report and recommendation of the magistrate judge will be adopted.  A separate order will be issued.

                                            s/Sylvia H. Rambo
                                            United States District Judge

Dated:  July 8, 2015.